# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS LEDET, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:11-CV-294-PBT |
| v. | ) ) | |
| ASCENTIVE LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) ) ) | |

# STIPULATION OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Stipulation of Class Action Settlement (the "**Agreement**") is entered into by and among Plaintiff Douglas Ledet individually and behalf of the Settlement Class (the "**Plaintiff**") and Defendant Ascentive LLC ("**Ascentive**" or "**Defendant**") (together, the "**Parties**").

## I.      RECITALS

WHEREAS, beginning in 2010, Class Counsel embarked on an investigation into the functionality of certain software sold by Ascentive and potential discrepancies between the advertised and actual functionality of such products.

WHEREAS, after completing the investigation, Plaintiff, through counsel, filed the above-captioned Action on January 19, 2011, alleging claims for damages and other monetary relief as well as injunctive and other equitable relief arising out of the operation of Ascentive's software products and the marketing and sales practices relating to such products.

WHEREAS, on April 6, 2011, Class Counsel, Ascentive's Counsel, and the Chief Executive Officer of Ascentive met in Philadelphia, Pennsylvania to discuss Plaintiff's claims

PH1 3068409v2 02/23/12

and their respective views on the litigation. During that meeting, Class Counsel shared their technical evidence, discovered by Plaintiff's computer forensics expert, which they claimed illustrated the deceptive practices associated with Ascentive's software, claims that were emphatically denied by Ascentive. The meeting of the Parties was contentious, and they were unable to agree on the factual or legal significance of the evidence demonstrated.

WHEREAS, Ascentive subsequently filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), to which Plaintiff responded on May 31, 2011, and Ascentive replied on June 13, 2011.

WHEREAS, after analyzing the briefing described above, the Parties decided that an attempt at settlement was warranted and that mediation may help facilitate meaningful resolution of this lawsuit. The Parties requested that the matter be placed in civil suspense, and on June 24, 2011, the Court ordered that this case be placed on the suspense docket pending mediation.

WHEREAS, the Parties participated in mediation presided over by the Honorable Diane Welsh (ret.) of JAMS on September 27, 2011. The Parties engaged in extensive and contentious negotiations, and despite the best efforts of the Parties and Judge Welsh, were unable to come to an agreement at that time. However, at the urging of Judge Welsh, the Parties agreed to continue their discussions in an attempt to bridge the gap between their divergent views about this case.

WHEREAS, after further intense negotiations, which at all times were at arms' length with the assistance of Judge Welsh, and following a mediator's proposal from Judge Welsh, the Parties agreed that, for the reasons explained below, settlement was the best course of action.

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiff's claims in the Action, and taking into account the burdens and expense of such litigation—including the risks and uncertainties associated with protracted trial and appeals—as

well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff and Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class.

WHEREAS, Ascentive has denied and continues to deny Plaintiff's allegations, including that it committed any violation of law or engaged in any other wrongful conduct, and further denies that it is liable for any claim asserted in the Action. Ascentive has concluded, despite its belief that it is not liable for any claim asserted against it and that it has good defenses thereto, that it is in Defendant's best interest to enter into this Agreement in order to avoid the expense, inconvenience, and the uncertainties and distractions of litigation.

WHEREAS, the Parties desire that all Settlement Class Members shall have an individual right to exclude themselves from the Settlement Class on the terms and conditions set forth in this Agreement, such that participation in the benefits provided by this Agreement shall be voluntary.

NOW THEREFORE, the Parties desire that any and all Settled Claims against all Released Parties regarding any aspect of Ascentive's products shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement, as a good faith, fair, reasonable and adequate settlement.

## II.   **DEFINITIONS**

As used in this Agreement, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.      "**Action**" means the case captioned *Ledet v. Ascentive LLC*, Case No. 2:11-cv-294-PBT (E.D. Pa. 2011), and any amendments thereto.

3

2.      **"Ascentive's Counsel"** means Gerald Arth and Matthew Olesh of Fox Rothschild LLP.

3.      **"Additional Services"** means both a Back-Up Compact Disc ("CD") and Extended Download Service purchased in connection with any Ascentive Product.

4.      **"Agreement"** means this Stipulation of Class Action Settlement Agreement and Release, including exhibits and addenda hereto.

5.      **"Approved Claim"** shall have the meaning set forth in section VII.A.

6.      **"Claim Form"** shall have the meaning set forth in section VII.A.1.

7.      **"Claims Administration Expenses"** means the expenses incurred by the Claims Administrator and Ascentive in handling the administration of the settlement, including the Formal Claim Form Process, Claim Forms submitted by Settlement Class Members pursuant to this Agreement, Notice Expenses, and expenses of the Claims Administrator.

8.      **"Claims Administrator"** means, subject to approval by the Court, Kurtzman Carson Consultants LLC, or such other company that will have claims administrator's responsibilities set forth below.

9.      **"Claims Deadline"** means the date by which all Claims Forms must be submitted to be considered timely.

10.      **"Class Counsel"** refers to attorneys Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and Chandler R. Givens of Edelson McGuire, LLC.

11.      **"Class Representative"** means the Plaintiff Douglas Ledet who, subject to approval by the Court, shall be appointed as representative of the Settlement Class in the Preliminary Approval Order.

12.      **"Court"** means the United States District Court for the Eastern District of

4

Pennsylvania.

13.    "**Effective Date**" means the date upon which the Judgment becomes Final.

14.    "**Fairness Hearing**" means the hearing where the Court will review comments and/or objections regarding this Agreement and where the Parties will request the Judgment be entered by the Court: (i) approving the Agreement as fair, reasonable and adequate; (ii) ruling on Class Counsel's request for the Fee Award and Class Representative's request for an Incentive Award; and (iii) dismissing the Action with prejudice.

15.    "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

16.    "**Formal Claim Form Process**" means the process by which Settlement Class Members may submit a Claim Form to receive a Products Payment (and in certain instances, a Services Payment).

17.    "**Incentive Award**" means the portion of the order entered by the Court (including any subsequent modification thereto, such as based upon an appeal or judicial review therefrom) that decides the payment, if any, to the Plaintiff above separate and apart from the

5

payment Plaintiff is entitled to claim as a Class Member.

18.    "**Judgment**" means a final judgment entered by the Court which shall:

1.    grant final approval of the Agreement in all material respects and find the settlement is fair, reasonable and adequate and in the best interests of the Settlement Class;

2.    release each Released Party from any and all Settled Claims which any Settlement Class Members have, had, or may have in the future, against such Released Party;

3.    dismiss the complaint in the Action with prejudice and without costs;

4.    decree that neither the Judgment nor this Agreement constitutes an admission by Ascentive or any liability or wrongdoing whatsoever;

5.    bar and enjoin all Settlement Class Members from asserting against any Released Party any and all Settled Claims which the Settlement Class Member had, has, or may have in the future; and

6.    preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Ascentive and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

19.    "**Notice Expenses**" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, internet hosting and publishing the Settlement Class Notice of the proposed settlement to the Settlement Class, identifying, informing and notifying members of the Settlement Class of the

6

proposed settlement and (ii) any other necessary notice and notice-related expenses. All Notice Expenses are to be paid by Ascentive.

20.    "**Notice Plan**" means the plan described in section VIII of this Agreement for disseminating notice to members of the Settlement Class of the terms of this Agreement and the Fairness Hearing.

21.    "**Person**" means any individual, corporation, trust, estate, partnership, association, joint stock company, unincorporated association, limited liability company, government and any political subdivision thereof, and any other type of legal or political entity.

22.    "**Preliminary Approval Order**" shall have the meaning set forth in section IV.A.

23.    "**Product**" or "**Ascentive Product**" means any and all versions and builds of Ascentive software products designed to scan consumers' personal computers for problems, regardless of the specific type, and then fix such problems in exchange for payment, including but not limited to those products known as PC SpeedScan Pro, PC Scan and Sweep, and ActiveSpeed, and any and all versions of such products.

24.    "**Products Fund**" means a settlement fund that shall be established by Ascentive in the amount of six million dollars ($6,000,000.00). This fund shall be used for payment of the following: (a) Products Payments, as provided for in section VI.B.1.i after accounting for the credit Ascentive is entitled to claim, as provided for in section VI.B.4; (b) the Fee Award, as provided for in section XII.A; (c) the Incentive Award, as provided for in section XII.B; and (d) Claims Administration Expenses, as provided for in section VII.I.

25.    "**Released Party**" means Ascentive, its respective parents, subsidiaries, affiliates, divisions, departments, past, present, and future officers, directors, employees, stockholders, owners, partners, servants, attorneys, representatives, lenders, vendors, marketers, advertisers,

product designers, engineers, consultants, licensors, third-party service providers, websites through which any Ascentive product is downloaded with Ascentive's consent (including any Person owning, operating, managing or controlling such website), indemnitees, insurers, subrogees and any and all agents, predecessors, successors, and assigns of any of the foregoing.

26.     "**Releasing Party**" means the Plaintiff and each Class Member (for himself or herself and each of his or her current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys).

27.     "**Service**" or "**Ascentive Service**" means any and all Ascentive services, including but not limited to the Additional Services.

28.     "**Settled Claim**" means any and all rights, duties, obligations, claims, actions, causes of actions, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of or relate to: (i) Ascentive Products and/or Ascentive Services, including but not limited to the marketing, advertising, development, design, programming, distribution, deployment, use, functionality, purchase or sale thereof; (ii) all warranties, representations or omissions relating to any Ascentive Product and/or Ascentive Service; (iii) all warranties, representations or omissions relating to any Ascentive Product and/or Ascentive Service that are contained on any website on which Ascentive sells, markets, or advertises Ascentive Products and/or Ascentive Services; (iv) charges to or payments by any Releasing Party for any Ascentive Product and/or Ascentive Service or any license or subscription for any Ascentive Product and/or Ascentive Service; and (v) any matters alleged, argued, raised, or asserted in any pleading or court filing in the Action.

PH1 3068409v2 02/23/12

29.     **"Settlement Class," "Settlement Class Member" or "Class Member"** means and refers to the Persons in the fifty (50) states, the District of Columbia, and the territories of the United States of America who have purchased an Ascentive Product or Ascentive Service at any time up to and including the date of entry of the Preliminary Approval Order *except that* excluded from the Settlement Class are the following: (i) Persons who have validly excluded themselves from the settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s).

30.     **"Settlement Class Notice"** means the form of Court-approved notice (or notices) informing Class Members of, among other things, the material terms of the proposed Settlement. The Parties propose that the Court approve the notices substantially in the form attached to this Agreement as Exhibits 1 and 3.

31.     **"Settlement Fund"** means collectively the Products Fund and the Services Fund.

32.     **"Services Fund"** means a settlement fund that shall be established by Ascentive in the amount of three million six hundred thousand dollars ($3,600,000.00). This fund shall be used to pay those Settlement Class members who purchased but did not use both Additional Services, as provided for in section VI.B.1.ii.

33.     **"Software"** refers to Ascentive's Products as defined in section II.24.

34.     **"Unknown Claims"** means Claims or Causes of Action that could have been raised in the Action, and that Plaintiffs, any member of the Settlement Class or any Releasing

9

Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Claims, or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiff, any member of the Settlement Class, and/or any Releasing Party, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever to settle and release the Settled Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## III.     **THIS AGREEMENT IS FOR SETTLEMENT PURPOSES ONLY**

This Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Defendant specifically denies any and all wrongdoing. The fact of this Agreement, the provisions of this Agreement, and any action taken under or in connection with this Agreement or the negotiation thereof will not

10

constitute, be construed as, or be admissible in evidence as, any admission by Defendant of the
(1) validity of any claim, defense or fact asserted in this Action, or any other pending or future
action, or (2) any wrongdoing, fault, violation of law, or liability of any kind on the part of
Ascentive.

## IV.    REQUIRED EVENTS FOR PRELIMINARY AND FINAL APPROVAL

### A.    Preliminary Approval

Promptly after the execution of this Settlement Agreement, Class Counsel shall submit
this Agreement together with its exhibits to the Court and shall move the Court for Preliminary
Approval of the settlement set forth in this Agreement, certification of the Settlement Class for
settlement purposes only, appointment of Class Counsel and the Class Representative, and entry
of a preliminary approval order ("**Preliminary Approval Order**"), which order shall set a Final
Approval Hearing date and approve the form and contents of the Settlement Class Notice, in
substantially the same form, and the method of its dissemination to members of the Settlement
Class in accordance with the notice methodology outlined in this Settlement Agreement. Such
Preliminary Approval Order shall also authorize the Parties, without further approval from the
Court, to agree to and adopt such amendments, modifications and expansions of the Settlement
Agreement and its implementing documents (including all exhibits to this Agreement) so long as
they are consistent in all material respects with the Final Judgment and do not limit the rights of
Settlement Class Members.

### B.    Final Approval

1.    At least ninety (90) days after the Court issues its Preliminary Approval Order,
Class Counsel shall file a motion noticed for hearing on or after the date selected by the Court for
the Fairness Hearing, for entry of one or more orders which will (among other things):

11

a.      grant final approval of the Agreement in all material respects and find that

the settlement is fair, reasonable and adequate and in the best interests of the Settlement

Class;

b.      direct the Parties and their counsel to implement and consummate the

Settlement Agreement according to its terms and provisions;

c.      find that the Court has personal jurisdiction over all Settlement Class

Members and subject matter jurisdiction to approve the Agreement, including all exhibits

thereto;

d.      find that the Settlement Class Notice and the notice methodology

implemented pursuant to the Agreement (1) constitute the best practicable notice under

the circumstances, (2) constitute notice that is reasonably calculated, under the

circumstances, to apprise the Settlement Class Members of the pendency of the Action,

their right to object to or exclude themselves from the proposed Agreement, and to

appear at the Final Approval Hearing, (3) are reasonable and constitute due, adequate,

and sufficient notice to all persons entitled to receive notice, and (4) meet all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the

United States Constitution, and the rules of the Court;

e.      find that Class Counsel and the Class Representative adequately

represented the Settlement Class for purposes of entering into and implementing the

settlement contemplated by this Agreement;

f.      grant the Fee Award to Class Counsel and an Incentive Award to the Class

Representative and find that both are reasonable;

g.      enter a Judgment which shall:

12

(i)      grant final approval of the Agreement in all material respects and

find the settlement is fair, reasonable and adequate and in the best interests of the

Settlement Class;

(ii)      release each Released Party from any and all Settled Claims which

any Releasing Party have, had, or may have in the future, against such Released

Party;

(iii)      dismiss the Complaint in the Action with prejudice and without

costs other than as specified in this Agreement;

(iv)      decree that neither the Judgment nor this Agreement constitutes an

admission by Ascentive of any liability or wrongdoing whatsoever;

(v)      bar and enjoin all Releasing Parties from asserting against any

Released Party any and all Settled Claims which the Settlement Class Member

had, has, or may have in the future;

(vi)      preserve the Court's continuing and exclusive jurisdiction over the

Parties to this Agreement and all Releasing Parties, to administer, supervise,

construe and enforce this Agreement in accordance with its terms for the mutual

benefit of the Parties, but without affecting the finality of the Judgment; and

(vii)      incorporate any other provisions, as the Court deems necessary and

just.

The Parties' proposed Preliminary Approval Order is attached as Exhibit 4.

## V.      **RELEASE**

1.      The obligations incurred pursuant to this Settlement Agreement shall be a full and

final disposition of the Action and any and all Settled Claims, as against all Released Parties.

PH1 3068409v2 02/23/12

2.      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, and each of them.

## VI.   SETTLEMENT BENEFITS

### A.    Service Improvements and Assurances

Ascentive has agreed to the following injunctive relief:

          i.      Software Purchase Agreement/Terms of Use Disclosures

1.      As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its PC SpeedScan Pro Software Purchase Agreement a statement substantially consistent with the following:

> Scans conducted with this software may detect computer errors that occur as a natural consequence of routine use of the Microsoft Windows Operating System. In some instances, these errors may be harmless and will not affect the performance or operation of the computer system. Certain computer errors may consistently reappear and thus will be repeatedly detected by the software.

2.      As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its PC Scan & Sweep Software Purchase Agreement a statement substantially consistent with the following:

> Scans conducted with this software may detect files that are harmless, the presence of which will not affect the performance, operation, or privacy of your computer system.

3.      As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its ActiveSpeed Software Purchase Agreement a statement substantially consistent with the

14

following:

> Scans conducted with this software detect Internet configuration settings. By default, the Microsoft Windows Operating System sets the values for these configuration settings. The software may suggest that optimization is required, even though default configuration settings are in place.

4.      As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its Terms of Use a statement directing the consumer to read carefully the disclosures from Paragraphs 7-9 above contained in the software's Software Purchase Agreement.

ii.     <u>Automatic Subscription Renewal Policies</u>

5.      Until the earlier of three (3) years after the Effective Date, or such time as Ascentive ceases to auto-renew licenses for the Software, Ascentive will include on its website(s) software purchase checkout page a clear and conspicuous statement containing the following elements:

a.      the fact that the consumer is entering into a license agreement with Ascentive;

b.      the fact that the consumer's credit or debit card will be automatically charged on a recurring basis;

c.      the date of subsequent automatic renewal charges;

d.      a convenient and simple method to prevent Ascentive from continuing to impose recurring automatic renewal charges.

6.      Until the earlier of three (3) years after the Effective Date, or such time as Ascentive ceases to auto-renew licenses for the Software, Ascentive will include in its Terms of Use or other pertinent agreements a clear and conspicuous statement containing the following elements:

PH1 3068409v2 02/23/12

     a.     the fact that the consumer is entering into a license agreement with Ascentive;

     b.     the fact that the consumer's credit or debit card will be automatically charged on a recurring basis;

     c.     the date of subsequent automatic renewal charges;

     d.     a convenient and simple method to prevent Ascentive from continuing to impose recurring automatic renewal charges.

Ascentive shall act in good faith in honoring customer requests to discontinue automatic renewal charges, for so long as the automatic renewal policies are in effect.

     iii.     <u>Software Modifications</u>

7.     Ascentive agrees that it will not overstate the severity of errors, configuration settings, or computer files through statements displayed within the Software using any form of pop-up notice, or other Graphical User Interface ("GUI") display screen.

8.     Ascentive further agrees that it will not overstate the utility of the Software through any form of pop-up notice, or other GUI display screen.

9.     Ascentive shall not overstate the potential risks of errors and improper configurations of computer files displayed in conjunction with the results of the Software's diagnostic scans through any form of pop-up notice, or other GUI display screen.

10.     Ascentive shall not include graphical depictions within the Software that overstate the volume of harmful computer errors, improper configurations, or other problems present on the user's computer.

**B.     Payments to Class Members**

1.     ***Cash Payments on Approved Claims.*** As consideration for the settlement,

Ascentive agrees to establish the Settlement Fund, from which it will pay all Approved Claims made by Settlement Class Members, and with respect to the Products Fund, the Fee Award as provided for in section XII.A, the Incentive Award as provided for in section XII.B, and Claims Administration Expenses as provided for in section VII.I. Settlement Class Members who have an Approved Claim will be entitled to claim a Products Payment (and in certain instances Services Payment) through the Formal Claim Form Process.

      i.      Settlement Class Members who submit an Approved Claim (in accordance with sections VII.A-J) shall be entitled to a ten dollar ($10.00) payment from the Products Fund (hereafter referred to as "Products Payment").

      ii.      Settlement Class Members who submit an Approved Claim and include a signed statement pursuant to VII.A.2 indicating that the individual purchased, but did not subsequently use, both of the Additional Services when buying an Ascentive Product, as well as the date and amount of purchase for the Additional Services, shall be entitled to one additional eight-dollar ($8.00) payment from the Services Fund (herein referred to as "Services Payment").

    3.    ***Tax Consequences.*** No Form 1099 shall be issued with respect to the distributions to Class Members because the amounts are under $600. Neither of the Parties makes any representations regarding, or shall have any liability for, the tax consequences to any Class Member as a result of this Settlement, or any payment made or other action taken pursuant to this Settlement. Each Party and each Class Member shall have responsibility for the tax consequences of this Agreement to him/her/it.

PH1 3068409v2 02/23/12

4.      ***Refunds.*** Ascentive is entitled to claim a credit against the Products Fund for 85% of the refunds (including charge-backs) given directly to Product purchasers between January 19, 2011, the date Defendant was served with Plaintiff's Complaint, and thirty (30) days after entry of Judgment. In no event shall the total amount of this credit exceed three million dollars ($3,000,000.00). Nothing contained herein shall affect Ascentive's normal refund process.

5.      ***Limitation of Obligations and Relation of Funds.*** The Settlement Fund represents the limit and extent of Ascentive's monetary obligations under this Agreement. The Settlement Fund shall be used according to the following:

i.      The Products Fund shall represent the limit and extent of Ascentive's monetary obligations with regard to (a) Products Payments, as provided for in section VI.B.1.i after accounting for the credit Ascentive is entitled to claim, as provided for in section VI.B.4; (b) the Fee Award, as provided for in section XII.A; (c) the Incentive Award, as provided for in section XII.B; and (d) Claims Administration Expenses as provided for in section VII.I. In the event that the Products Fund is exhausted, then Products Payments will be recalculated and distributed on a *pro rata* basis.

ii.      The Services Fund shall represent the limit and extent of Ascentive's monetary obligations with regard to Services Payments, as provided for in section VI.B.1.ii.  In the event that the Services Fund is exhausted, then Services Payments will be recalculated and distributed on a *pro rata* basis.

iii.      If, after payment of all Approved Claims for Products Payments, Services Payments, the Fee Award, the Incentive Award, and Claims

18

Administration Expenses, any monies remain in the Settlement Fund, then such monies will revert to Defendants.

## VII.   FORMAL CLAIMS PROCESS & SETTLEMENT ADMINISTRATION

A.   A Claim Form submitted by a Settlement Class Member shall be considered an Approved Claim if and only if:

1.   The Settlement Class Member shall have submitted a properly completed Claim Form substantially in the form attached hereto as Exhibit 2 that includes at least the following information: (a) full name, current address, phone number, and email address of the Settlement Class Member; (b) Product purchased; (c) date of purchase; (d) amount paid; (e) the date of any refund request to Ascentive or charge-back request for the Product for which they are submitting a claim or a statement that no refund or charge-back request has been submitted; and (f) a statement that the Settlement Class Member has not received a refund or charge-back for the Product for which they are submitting a claim. All Settlement Class Members are entitled to a Products Payment from the Products Fund through submission of a Claim Form(s), provided, however, that they have not received a refund or charge-back for the Product for which they are submitting a claim at any time up to thirty (30) days after the Claims Deadline. Nothing herein shall limit or in any way restrict Settlement Class Members, believing they are entitled to a refund from Ascentive, from exercising their option of utilizing Ascentive's existing refund program.

2.   In addition and where applicable, in order to be eligible to receive a Services Payment from the Services Fund, those Settlement Class Members who purchased a Product *and* Additional Services, but did not utilize both Additional Services in any manner, must also include in their Claim Form (a) the date and amount of purchase for the Additional

19

Services, (b) a signed statement indicating that the individual purchased, but did not

subsequently use, both Additional Services; (c) the date of any refund request to Ascentive or

charge-back request for the Additional Services for which they are submitting a claim or a

statement that no refund or charge-back request has been submitted; and (d) a statement that the

Settlement Class Member has not received a refund or charge-back for the Additional Services

for which they are submitting a claim.

> 3.      The Claim Form must be submitted by first class mail, postage prepaid,

and must be submitted to the Claims Administrator no later than the Claims Deadline. A Claim

Form shall be deemed to have been submitted on the date on which Settlement Class Member's

Claim Form is postmarked.

> 4.      The contents of the Claim Form must be truthful, complete, and sworn to

under penalty of perjury.

> 5.      The Settlement Class Member shall have submitted such other documents

or proof as the Claims Administrator in its discretion may deem necessary in order to determine

whether to approve a Claim Form pursuant to section VII.B.

> B.      The Parties shall have a right to review all submitted Claim Forms. All submitted

Claim Forms shall be deemed Approved Claims if they meet the requirements set forth herein

unless Ascentive provides notice to the Claims Administrator and Class Counsel that it is

disputing payment of a submitted Claim Form.  Ascentive must provide notice of any disputed

Claim Form to the Claims Administrator and Class Counsel no later than ninety (90) days after

the Effective Date.  If Ascentive provides such notice, the Claims Administrator shall determine

in accordance with this Agreement whether to approve or deny the Claim Form and must do so

within forty-five (45) days after receiving notice of a disputed Claim Form. Prior to rejection of a

PH1 3068409v2 02/23/12

Claim Form, the Claims Administrator shall attempt to communicate with the Settlement Class Member in order to attempt to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall attempt to notify, in a timely fashion and in writing, each Settlement Class Member whose Claim Form is subject to rejection, in whole or in part, setting forth the reasons therefor.

C.      Each Settlement Class Member shall be eligible to submit Claim Forms for a maximum of three (3) Ascentive Products and/or Ascentive Services, collectively. Where more than one Person is identified as a buyer of a single Product, they shall be considered together as a single Settlement Class Member eligible to submit a single Claim Form.

D.      The Claims Deadline shall be set by the Court, but the Parties agree that it should be approximately thirty (30) days after entry of the Judgment. The Claims Deadline shall be clearly set forth in the Settlement Class Notice, the Claim Form, the Preliminary Approval Order, and the Judgment.

E.      Any Releasing Party who has not submitted an Approved Claim will not be entitled to receive a cash payment on account of submission of a Claim Form, but will otherwise be bound by all of the terms of this Agreement, and the Judgment, including the releases and injunctions provided for herein and therein.

F.      Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to such Settlement Class Member's eligibility to submit a Claim Form, which eligibility will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to a person's status as a Class Member with the right to submit a Claim Form and shall not be allowed on the merits of the Action or of the Agreement.

21

G.      Ascentive shall pay all Approved Claims no later than sixty (60) days after the Effective Date.  Ascentive shall pay Approved Claims by check and deliver such checks by first class mail, postage prepaid.  Upon request by the Class Counsel or the Court, Ascentive shall provide a report of all amounts paid to members of the Settlement Class on account of Approved Claims.

H.      The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement, shall also provide reports and other information to the Court as the Court may require, and shall provide Class Counsel and Ascentive's Counsel with information concerning notice, administration and implementation of the Settlement, including all Claims Administration Expenses. On the Court's request, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator.

I.      Ascentive shall pay all Claims Administration Expenses and Notice Expenses as reasonably required to effectuate the Notice Plan, the Claims Process and administration of the settlement.

## VIII.   NOTICE TO THE CLASS AND OPT-OUT RIGHTS

A.      Settlement Class Notice shall be provided as follows:

1.      For the period commencing on the seventh day after entry of the Preliminary Approval Order and ending one day after the Claims Deadline, the Claims Administrator shall publish and maintain a website ("**Settlement Website**") which shall contain downloadable copies of the Agreement, Settlement Class Notice, Preliminary Approval Order, and Claim Form. The Settlement Website's domain name and URL shall be mutually agreed upon by the Parties.

22

2.      Ascentive shall conduct a review of its business records and data in its possession to identify the electronic mail address of each potential member of the Settlement Class for purposes of effectuating the Notice Plan. Within fourteen (14) days after entry of the Preliminary Approval Order, Ascentive shall cause the Settlement Class Notice to be disseminated by electronic mail to any and all reasonably identifiable Persons who are potential members of the Settlement Class. Electronic mail notice shall substantially conform to the form attached as Exhibit 3 and shall include a hyperlink to the Settlement Website.

B.      The following provisions govern opt-out rights:

1.      All members of the Settlement Class shall have the independent right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall expire fifty-five (55) days after entry of the Preliminary Approval Order. Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, this Agreement; (iii) shall not gain any rights by virtue of this Agreement; and (iv) shall not be entitled to object to any aspect of this Agreement. Any Class Member who wishes to opt out of the Class may do so by mailing out to the Claims Administrator a letter clearly stating the Class Member's desire to opt out. Any Class Member who has opted out and wishes to revoke his or her request for exclusion may do so by mailing a letter stating clearly the desire to revoke the previous request for exclusion to the Class Administrator before the opt-out deadline.

2.      The Claims Administrator shall provide Class Counsel and Ascentive's Counsel with copies of all completed opt-outs every other week during the opt-out period.

3.      Class Counsel fully supports this Agreement and believes that it is fair, adequate, reasonable and in the best interests of the Settlement Class. Nevertheless, in the event

that Class Counsel is contacted by a Settlement Class Member who presents facts causing Class Counsel to have a good faith belief that the Settlement Class Member might benefit from being excluded from the class, nothing contained herein shall prevent Class Counsel from advising a Settlement Class Member with respect to his or her opt-out rights.

C.      **CAFA Notice**.

1.      Pursuant to 28 U.S.C. § 1715 ("**CAFA**"), not later than ten (10) days after the Agreement is filed with the Court, Ascentive shall jointly serve upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement. Ascentive shall serve upon the above-referenced government officials the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement. Ascentive may elect to enlist the Claims Administrator to provide notice under CAFA on its behalf.  In either event, within two (2) days after CAFA notice having been provided, Ascentive (or if applicable, the Claims Administrator) will provide Class Counsel with a declaration (1) confirming that CAFA notice has been provided according to the law and (2) listing the individuals served with such notice.

2.      Class Counsel does not dispute that it is not feasible to identify the names

24

of class members who reside in each respective state and the share of the claims of such class members to the entire settlement.

## IX.     OBJECTIONS TO SETTLEMENT

Any objection to this Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Fairness Hearing only if, on or before a date fifty-five (55) days after entry of the Preliminary Approval Order, the objector shall timely file the objector's papers with the Clerk of the Court and timely provide copies of all papers to Class Counsel and Ascentive's Counsel by first class mail, postage prepaid, or by hand or overnight delivery. Objections submitted by mail must be post-marked by a date approved by the Court and specified in the Settlement Class Notice. The objector's papers must include: (i) the objector's name and address; (ii) the objection and all arguments, citations, and evidence supporting the objection; (iii) evidence that the objector is a member of the Settlement Class; and (iv) a statement as to whether the objector intends to appear at the Fairness Hearing, either with or without counsel. The requirements of this paragraph shall be set forth in the Settlement Class Notice and any Settlement Class Member who fails to timely comply with the requirements of this paragraph shall not be permitted to object to this Agreement at the Fairness Hearing, and shall be foreclosed from seeking any review of this Agreement or the Judgment by appeal or other means.

## X.     TERMINATION OF AGREEMENT

A.     Either Ascentive or Class Counsel shall have the right to terminate the Agreement by providing written notice of election to do so ("**Termination Notice**") within thirty (30) days of the latest of: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material

PH1 3068409v2 02/23/12

respect; (iii) the Court's refusal to enter a Judgment in this Action that is consistent with this Agreement in all material respects; or (iv) the date upon which the Judgment is modified or reversed in any material respect by any appellate court.

B.      Ascentive shall have the right, at its sole discretion, to terminate this Agreement by providing a termination Notice on or before the later of fourteen (14) days after the expiration of the opt-out period and fourteen (14) days before the Fairness Hearing in the event that more than 200 Persons timely and validly opt out of the Settlement Class pursuant to sections section VIII.B of this Agreement.

C.      In the event a Termination Notice is given pursuant to section X or if it becomes clear that the Effective Date will not occur, then: (a) this Agreement shall be deemed null, void, and of no further force and effect other than with regard to any provision necessary to return the Parties to their respective positions as of the date one day before the Agreement was filed, without any prejudice to any Party whatsoever; and (b) this Agreement may not be used by the Parties for any purpose whatsoever in the Action or any other pending or future action.

D.      It is understood and agreed by the Parties that, to the extent any Court order constitutes a ruling on Class Counsel's motion for attorneys' fees, and to the extent that there is any appeal of or any modification or reversal on appeal of the Fee Award, this shall not operate to terminate or cancel this Agreement, to preclude the occurrence of the Effective Date, or to affect the finality of any other aspect of the Judgment or any other aspects of any orders entered pursuant to this Agreement.

## XI.    EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

A.      This Agreement is without prejudice to the rights of Ascentive to: (i) seek to compel arbitration of any claim in any forum, excepting the Settled Claims by class members

who have not opted-out; (ii) oppose jurisdiction or venue with respect to any claim, excepting the

Settled Claims by class members who have not opted out, on grounds including, without

limitation, forum non conveniens or the forum selection clauses or exclusive venue or

jurisdiction clauses in Ascentive's Terms of Use or Software Agreements; (iii) oppose

certification in the Action (in the event that this Agreement is terminated) or any other proposed

or certified class action; and (iv) use the certification of the Settlement Class to oppose

certification of any other proposed or existing class arising out of or related to the Settled

Claims.

      B.     Neither this Agreement, nor any negotiation, nor act performed, nor document

executed, nor proceedings held pursuant to or in furtherance of this Agreement: (i) is, may be

deemed to be, or may be used as an admission of, or evidence of the existence or validity of, any

claim, or of any wrongdoing, negligence, misrepresentation, violation, or liability of Ascentive,

or of any fact alleged by Plaintiff; (ii) is, may be deemed to be, or may be used as an admission

of, or evidence of any infirmity in the claims asserted by the Representative Plaintiff and Class

Members; or (iii) is, may be deemed to be, or may be used as an admission of, or evidence of,

any fault or omission by Ascentive or any other person or entity in any civil, criminal or

administrative proceeding in any court, administrative agency, or other tribunal, including in this

Action.  However, this Agreement may be used in such proceedings as may be necessary to

consummate or enforce this Agreement or the Judgment; and any Released Party may file this

Agreement or the Judgment in any action that may be brought against it in order to support a

defense or counterclaim based on principles of res judicata, collateral estoppel, release, good

faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

### XII.   CLASS COUNSEL FEES, PLAINTIFF'S INCENTIVE AWARD, AND REVERTER

A.   **Fee Award**. The Parties agree that Class Counsel is entitled to reasonable attorneys' fees. Ascentive agrees to pay to Class Counsel, subject to Court approval, a Fee Award in amount not to exceed one million seventy-five thousand dollars ($1,075,000.00). Ascentive agrees that such amount is reasonable and will not object to or otherwise challenge or undermine, or solicit others to object or otherwise challenge or undermine, directly or indirectly, Class Counsel's application for the Fee Award if limited to this amount. Class Counsel has, in turn, agreed not to seek more than this amount from the Court and waives payment by Ascentive of any Fee Award in excess of that amount. Ascentive shall pay the Fee Award by wire transfer to Class Counsel within thirty (30) days after the later of the Effective Date or the date the Fee Award becomes Final.

B.   **Incentive Award:** In addition to any settlement benefit under the Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Class Representative shall, subject to Court approval, receive an Incentive Award not to exceed one thousand dollars ($1,000.00) as appropriate compensation for his time and effort serving the Class in the Action and as compensation for Plaintiff's settlement and release of his individual claims herein. Ascentive shall pay the Incentive Award by wire transfer to Class Counsel within thirty (30) days after the Effective Date. Class Counsel shall thereafter be solely responsible for distributing the Incentive Award to the Class Representative. Ascentive shall not be liable in any way for the Incentive Award after wiring the amount of the Incentive Award to Class Counsel.

C.   Ascentive is entitled to the return of all amounts which Ascentive (i) advances to the Claims Administrator in excess of the actual amount of Administrative Expenses and/or (ii) pays to Class Counsel in excess of the Final amount of the Fee Award and the Final amount of

the Incentive Award.  In no event will such amounts, or any amount in excess of the sums of money provided to be paid by Ascentive in this Agreement, constitute abandoned or unclaimed property or be distributed to any Person other than Ascentive.

## XIII.   REPRESENTATIONS AND WARRANTIES

Each signatory represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory; and (iii) that this Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

## XIV.   PUBLIC STATEMENTS

A.   Except as otherwise agreed in writing between Ascentive and Class Counsel, or as required by law, Plaintiff and Class Counsel will make no statements of any kind regarding the Settlement.  Plaintiff and Class Counsel shall not issue any press releases or comment for publication in any media regarding the Settlement.  Class Counsel shall not comment on the Settlement or the Action on its website.  If Plaintiff or Class counsel receive any inquiry from any third party regarding the Settlement, they shall direct that third party to the Settlement Website and provide no further information or comment.

B.   Nothing herein shall be deemed to preclude Class Counsel from fulfilling their fiduciary obligations to the Class.

## XV.   MISCELLANEOUS PROVISIONS

A.   The Parties acknowledge that it is their intent to consummate this Agreement and

29

agree to use their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to accomplish such terms and conditions. Class Counsel and Ascentive's Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Judgment.

B.      This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.

C.      This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent agreement of Ascentive's Counsel and Class Counsel prior to dissemination to the Settlement Class.

D.      Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs.

E.      In addition to the discovery received and investigation conducted by Class Counsel, Ascentive shall provide to Class Counsel such additional discovery and information as reasonably necessary to confirm any material representations made by Ascentive that form the basis of this Agreement. Should the occasion arise, the Parties shall cooperate in seeking any third-party discovery as may be reasonably necessary and appropriate, and said additional discovery is to be completed prior to the Fairness Hearing.

F.      This Agreement may be executed in one or more original, photocopied, or facsimile counterparts and shall be binding (subject to Court approval) when so executed. All

30

executed counterparts and each of them shall be deemed to be one and the same instrument.

Class Counsel and Ascentive's Counsel shall exchange signed counterparts and a complete copy

of the executed counterparts shall be filed with the Court.

G.    This Agreement shall be binding upon, and inure to the benefit of, the successors,

assigns, executors, administrators, heirs, and legal representatives of the Parties, provided,

however, that no assignment by any Party shall operate to relieve such party of its obligations

hereunder.

H.    All terms of this Agreement and the exhibits hereto shall be governed by and

interpreted according to the laws of the Commonwealth of Pennsylvania without regard to its

rules of conflicts of law.

I.    Any headings in this Agreement are used for purposes of convenience and ease of

reference only and are not meant to have any legal effect, nor are they intended to influence the

construction of this Agreement in any way.

J.    The waiver by one party of any breach of this Agreement by any other party shall

not be deemed a waiver of any other breach of this Agreement. The provisions of this Agreement

may not be waived except by a writing signed by or on behalf of the waiving party.

K.    The Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of

the Court for purposes of implementing and enforcing the Agreement.

L.    Any notice, instruction, application for Court approval or application for Court

orders sought in connection with this Agreement or other documents to be given by any Party to

any other Party shall be in writing and delivered personally or sent by registered or certified

mail, postage prepaid, if to Ascentive to the attention of Ascentive's Counsel or respective

representatives and to Class Counsel on behalf of the Settlement Class, or to other recipients as the Court may certify. All notices to the Parties or counsel required by this Agreement, except opt-outs and objections, shall be made in writing and communicated by facsimile and mail to the following addresses:

        If to Plaintiff or Class Counsel:

        Rafey S. Balabanian, Esq.
        Ari J. Scharg, Esq.
        Edelson McGuire, LLC
        350 North LaSalle, Suite 1300
        Chicago, Illinois 60654
        Facsimile: (312) 589-6378

        If to Ascentive or Ascentive's Counsel:

        Gerald E. Arth, Esq.
        Fox Rothschild LLP
        2000 Market Street, 20th Floor
        Philadelphia, PA 19103
        Facsimile: (215) 299-2150

        M.      Subject to Court approval, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

        N.      This Agreement has been and shall be deemed to have been drafted by all Parties hereto, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

        O.      Except as provided for in this Agreement with regard to Class Counsel, Ascentive and the Released Parties, no provision of this Agreement provides any rights, intended, incidental or otherwise, to any Person that is not a Settlement Class Member.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below.

**AGREED:**

**PLAINTIFF DOUGLAS LEDET, by his attorneys:**

**CLASS COUNSEL**

Dated: ~~February~~ March 3, 2012

Edelson McGuire LLC

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Chandler R. Givens
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Facsimile: 312.589.6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
cgivens@edelson.com

*On Behalf of Plaintiff and the Class*

**ASCENTIVE LLC**

Dated: February ___, 2012

Ascentive LLC, a Delaware Limited Liability Company

By: Adam Schran
Its: Chief Executive Officer
Ascentive LLC
201 Spring Garden Street, Suite 400
Philadelphia, PA 19123
Facsimile:  215.320.6001

33

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below.

AGREED:

**PLAINTIFF DOUGLAS LEDET, by his attorneys:**

**CLASS COUNSEL**

Dated: February ___, 2012                    Edelson McGuire LLC

                                             _____
                                             Jay Edelson
                                             Rafey S. Balabanian
                                             Ari J. Scharg
                                             Chandler R. Givens
                                             Edelson McGuire LLC
                                             350 North LaSalle, Suite 1300
                                             Chicago, IL 60654
                                             Telephone: 312.589.6370
                                             Facsimile: 312.589.6378
                                             jedelson@edelson.com
                                             rbalabanian@edelson.com
                                             ascharg@edelson.com
                                             cgivens@edelson.com

                                             *On Behalf of Plaintiff and the Class*

**ASCENTIVE LLC**

Dated: February 28, 2012                     Ascentive LLC, a Delaware Limited Liability
                                             Company

                                             _____
                                             By: Adam Schran
                                             Its: Chief Executive Officer
                                             Ascentive LLC
                                             201 Spring Garden Street, Suite 400
                                             Philadelphia, PA 19123
                                             Facsimile:  215.320.6001

33

**EXHIBITS**

Exhibit 1          Long-Form Notice

Exhibit 2          Claim Form

Exhibit 3          Direct Notice by E-Mail

Exhibit 4          [Proposed] Preliminary Approval Order

Exhibit 5          [Proposed] Final Order and Judgment

PH1 3068409v2 02/23/12

# EXHIBIT 1

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Ledet v. Ascentive LLC*

**Case No. 2:11-CV-294-PBT (U.S. District Court for the Eastern District of Pennsylvania)**

### You may be part of a class action settlement and entitled to a payment if you were charged for certain Ascentive Products described below between [date], and [date].

IMPORTANT

PLEASE READ THIS NOTICE CAREFULLY

THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

*(A federal court authorized this notice. It is **not** a solicitation from a lawyer.)*

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED BY [DATE]** | The only way to receive a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | Receive no payment. This is the only option that allows you to pursue claims alleged in the Action against the Defendant by filing your own lawsuit at your own expense. |
| **COMMENT BY [DATE]** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. *(The date and time of the final fairness hearing is subject to change by Court Order. See Section 10 below.)* |
| **DO NOTHING** | Receive no payment, and give up your rights to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.

- The Court overseeing this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are

resolved. Please be patient. It may be some time before the Settlement becomes final.

- Any undefined capitalized terms herein shall have the same definitions as given to them in the Settlement Agreement (as defined below).

### 1. What is this notice and why should I read it?

This notice is to inform you of the settlement of a class action lawsuit entitled *Ledet v. Ascentive LLC*, No. 2:11-CV-294-PBT (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Eastern District of Pennsylvania. You need not live in Pennsylvania to receive a benefit under the Settlement if you are eligible. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on [date and time] in the United States Courthouse, located at 601 Market Street, Courtroom 9613, Philadelphia, PA 19106-1717, to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the class representative. This Notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you do something.

### 2. What is a class action lawsuit and what is this lawsuit about?

A class action is a lawsuit in which one or more plaintiffs—in this case, the individual Douglas Ledet ("Plaintiff")—sue on behalf of themselves and other people who have had a similar experience and share similar claims. Here, the Plaintiff has decided to settle the claims against the Defendant on behalf of all members of the Settlement Class (the "Settlement") by entering into a written settlement agreement entitled "Stipulation of Class Action Settlement Agreement and Release" (the "Settlement Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in section 4 below.

The Settlement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court in which this lawsuit is pending must give final approval to the Settlement before it can take effect. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to final approval of the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the relief offered by the Settlement. If the Settlement is not given final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no Settlement and no certification of the Settlement Class.

In this case, the Plaintiff is Douglas Ledet, a resident of the state of Minnesota. The Defendant is Ascentive LLC ("Defendant"). Together the Plaintiff and Defendant are referred to in this notice

2

as the "Parties." Ascentive LLC markets and licenses Software to consumers to diagnose and fix various computer issues. Plaintiff claims he purchased one such product, PC SpeedScan Pro, in January 2009. Following his purchase and use of the product, Plaintiff claims he found discrepancies in the actual, as opposed to advertised, functionality of the Software.

On January 18, 2011, Plaintiff filed a class action lawsuit against Defendant in the United States District Court for the Eastern District of Pennsylvania on behalf of Ascentive customers who purchased Ascentive Products, alleging that the Software did not actually perform some of the functions marketed and advertised by Ascentive. After repeated meetings between the Parties discussing the merits of Plaintiff's claims, several rounds of litigation, and settlement discussions with the aid of a neutral mediator, the Parties were able to reach the Settlement. Defendant has at all times denied and continues to deny all wrongdoing.

### 3. Why is there a settlement?

The Court has not decided in favor of either side in the case. Defendant denies all allegations of wrongdoing or liability against it, and claims that it never acted illegally. Defendant has agreed to this Settlement in order to resolve this matter without the continued expense, inconvenience and uncertainties of litigation. Plaintiff and his attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

### 4. Who is included in the settlement?

The class covered by the Settlement is defined as follows: Persons in the fifty (50) states, the District of Columbia, and the territories of the United States of America who have purchased an Ascentive Product and/or Additional Services at any time up to and including the date of entry of the Preliminary Approval Order, *except that* excluded from the Settlement Class are the following: (i) Persons who have validly excluded themselves from the Settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged in the Action finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s). Ascentive Product means any and all versions and builds of Ascentive software products designed to scan consumers' personal computers for problems and then fix such problems in exchange for payment, including those products known as PC SpeedScan Pro, PC Scan and Sweep, and ActiveSpeed, and any and all versions of such products. Additional Services means both (1) a Back-Up Compact Disc ("CD") and (2) Extended Download Service purchased in connection with any Ascentive Product.

### 5. What does the Settlement provide?

   **A.   Service Improvements and Injunctions.** The Defendant has agreed to implement consumer protection practices, which will require it to alter its Software Purchase Agreement, Terms of Use, Subscription Renewal Policies, and Software Products themselves,

PH1 3068409v2 02/23/12

regarding the description of the nature of its Products and Services, and the licensing agreement, billing procedures, and auto-renewal aspects associated with the purchase of its Products and Services.

**B.     Payment Benefits for Settlement Class Members.** In addition to the changes in business practices described above, as part of this Settlement all Settlement Class Members who purchased an Ascentive Product and did not receive a refund from Defendant or charge-back are entitled to submit a Claim Form for a payment in the amount of $10.00. Also, those Settlement Class Members who submit a Valid Claim certifying that they purchased but did not use Additional Services offered when purchasing an Ascentive Product will receive an additional payment of $8.00. Settlement Class Members may submit up to a maximum of three (3) Claims for Ascentive Products and/or Services, collectively.   Claims will only be approved if appropriate documentation is provided. If approved, the Claims Administrator will issue a check to each Class Member who submits a valid Claim Form following the final approval of the Settlement.

## 6.   Who represents the Settlement Class?

**A.     Class Representatives.** For purposes of the Settlement, the Court has appointed Plaintiff Douglas Ledet to serve as the Class Representative.

**B.     Settlement Class Counsel.** The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and Chandler R. Givens of Edelson McGuire, LLC as Settlement Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in January 2011 to the present, Settlement Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. The Court has appointed the attorneys listed above to represent the Settlement Class. At the fairness hearing described herein, Class Counsel will be seeking final approval of the Settlement and request approval by the Court of the fee award of attorneys' fees and litigation costs up to $1,075,000.00.

If the Court approves the attorneys' fee application, it will be paid by Ascentive LLC. The Settlement Class members will not have to pay anything toward the fees or expenses of Settlement Class Counsel.  Settlement Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class members.  You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

In recognition of his efforts on behalf of the Settlement Class, the Class Representative, Douglas Ledet, shall, subject to Court approval, receive an Incentive Award not to exceed $1,000.00 as appropriate compensation for his time and effort serving the Class in the Action.

## 7.   How can I exclude myself from the Settlement Class?

4

You can get out of the Settlement and the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a claim form, and you won't be entitled to claim any of the relief offered by the Settlement. If you choose to exclude yourself from the Settlement Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the class in *Ledet v. Ascentive LLC*, No. 2:11-CV-294-PBT. Your exclusion request must include your name, address, telephone number, signature, and a signed statement to the effect that: "I hereby request to be excluded from the proposed Settlement Class in *Ledet v. Ascentive LLC.*" **Your exclusion request must be postmarked no later than [date], and sent to the Settlement Administrator at the following address: [insert address].**

A request for exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time will not be valid, and the person asking to be excluded will be considered a member of the Settlement Class and will be bound as a Class Member by the Settlement.

If you elect to opt-out, you will (i) not have any rights as a member of the Settlement Class under to the Settlement, (ii) not be able to receive any payments under the Settlement, (iii) not be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against Defendant by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under this Settlement, or no benefit at all.

| **8.   How can I tell the Court what I think about the Settlement?** |
| --- |

If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so. **Your objection to or comment on the Settlement must be submitted in writing to the Settlement Administrator at the following address: [insert], by [date].** You must also send copies of your comment or objection to the Court and the attorneys for the Parties at the following addresses:

| **Clerk of the Court** | **Settlement Class Counsel** | **Defendant's Counsel** |
| --- | --- | --- |
| Michael E. Kunz, Clerk of Court | Rafey S. Balabanian | Gerald E. Arth |
| U.S. District Court for the Eastern | Ari J. Scharg | Fox Rothschild LLP |
| District of Pennsylvania | Edelson McGuire, LLC | 2000 Market St., 20th Fl. |
| United States Courthouse | 350 N. LaSalle, Suite 1300 | Philadelphia, PA 19103 |
| 601 Market Street, Room 2609 | Chicago, IL 60654 | |
| Philadelphia, PA 19106-1797 | | |

The objection or comment must be in writing and include the case name *Ledet v. Ascentive LLC*, No. 2:11-CV-294-PBT, and: (a) the Settlement Class Member's full name and current address;

5

(b) a signed declaration that he or she is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all arguments, citations, evidence, and documents or writings that such Settlement Class member desires the Court to consider; and (e) notice of the Class Member's intention to appear (if any). The Court will consider all comments from Settlement Class Members.  If you intend to appear at the fairness hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the fairness hearing.

If you do not submit a written comment on the proposed Settlement or the application of Plaintiff's counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the fairness hearing.

If you do not object as described in the notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and to have released the Settled Claims (as defined in the Settlement Agreement).

### 9.   What is the effect of final settlement approval?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case. Claim forms and payments under the Settlement will then be processed, and claims payments will then be distributed. Also, the release by Settlement Class Members will take effect. All members of the Settlement Class will release any and all rights, duties, obligations, claims, actions, causes of actions, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of or relate to: (i) Ascentive Products and/or Ascentive Services, including but not limited to the marketing, advertising, development, design, programming, distribution, deployment, use, functionality, purchase or sale thereof; (ii) all warranties, representations or omissions relating to any Ascentive Products and/or Ascentive Services; (iii) all warranties, representations or omissions relating to any Ascentive Products and/or Ascentive Services that are contained on any website on which Ascentive sells, markets, or advertises Ascentive Products and/or Ascentive Services; (iv) charges to or payments by any Releasing Party for any Ascentive Products and/or Ascentive Services or any license or subscription for any Ascentive Products and/or Ascentive Services; and (v) any matters alleged, argued, raised, or asserted in any pleading or court filing in the Action.  Please refer to Section V of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will not be permitted to continue to assert Settled Claims in any other litigation against Defendant or other persons and entities covered by the release. You can obtain a copy of the Settlement Agreement from the Clerk of the Court, online at [insert], or by writing to the Settlement Administrator at [insert]. If you do not wish to be a Settlement Class member, you must exclude yourself from the

6

Settlement Class (see Question No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.  There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Settlement, or will recover anything at all.

| **10.   When and where will the Court hold a hearing on the fairness of the Settlement?** |
|---|

A fairness hearing has been set for [date & time], before the Honorable Petrese B. Tucker in her courtroom at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, located at 601 Market Street, Courtroom 9613, Philadelphia, PA 19106-1717. **At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Settlement Class Counsel for attorneys' fees and expenses. You do not need to show up at this hearing. You also do not need to show up to have a comment or objection considered by the Court.**

**Note:**  The date and time of the fairness hearing are subject to change by Court Order.

| **11.   Do I have to come to the fairness hearing? May I speak at the hearing?** |
|---|

You do not need to show up at the fairness hearing to remain a Class Member or submit a claim for a payment.  You or your own lawyer may show up at the hearing if you want to, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Settlement Class counsel for attorneys' fees and expenses by following the instructions in number 8 above.

| **12.   How do I receive my share of the Settlement?** |
|---|

**If you do not exclude yourself from the Settlement Class, and would like to receive a payment, you must submit a timely and valid claim form as set forth in the answer to Question No. 5 above.**  To be eligible for a payment pursuant to the Settlement, a Settlement Class Member must submit a claim that (i) is postmarked by [date], (ii) contains all of the required information and documentation set forth in the Claim Form, and (iii) is signed under penalty of perjury by the member of the Settlement Class submitting the claim.

You can download a claim form from the Settlement Administrator by going to [website] and following the instructions provided on the website. You can also get a claim form by writing to the Settlement Administrator at [address] or calling toll-free [phone number]. Your claim for a payment must be postmarked by [date].

•     **Claims must be submitted to the Settlement Administrator by mail at [address], and**

7

postmarked by [date].

**13.   What happens if I do nothing at all?**

If you do nothing, you will receive no payment from the Settlement. You will still be part of the Settlement Class, however, and, subject to the release described in Section V of the Settlement Agreement; this means you will not be permitted to continue to assert Settled Claims in any other case against Defendant or other persons and entities covered by the release. Please refer to Section V of the Settlement Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

**14.   Where do I get additional information?**

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information at [website]. You can also get more information by calling toll-free [number]. The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania at the United States Courthouse, 601 Market Street, Courtroom 9613, Philadelphia, PA 19106-1717.

If you would like additional information, you can write to Settlement Class Counsel at the address listed in Question No. 8.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT**

PH1 3068409v2 02/23/12

# EXHIBIT 2

*Ledet v. Ascentive LLC*, No. 2:11-CV-294-PBT (E.D. Pa.)
CLAIM FORM

NOTE: If you are a Settlement Class Member and believe you are entitled to receive a payment for the Software Product(s) you purchased from Ascentive LLC, you must complete this Claim Form pursuant to the terms of the Settlement Agreement. This Claim Form provides for the submission of two types of claims: (1) one for Products only and (2) one for Products AND Additional Services.* You are eligible to submit a Products AND Additional Services Claim only if you purchased BOTH a Product(s) AND Additional Services from Ascentive, and never used either of the Additional Services. For your claim to be considered valid, you must provide all information requested below, including your signature. Your claim form must be postmarked on or before [date].

Instructions for completing this form are found below. Please fill out the information below completely. If the information you provide is insufficient to determine whether you are a Settlement Class member, your claim may be rejected.

Name: _____

Address: _____

Email Address: _____     Phone Number: _____

Last 4 Digits of Credit/Debit Card No. (used to purchase Product and Additional Services): _____

*Please note that the term "Ascentive Product" means any and all versions and builds of Ascentive software products designed to scan consumers' personal computers for problems, regardless of the specific type, and then fix such problems in exchange for payment, including but not limited to those products known as PC SpeedScan Pro, PC Scan and Sweep, and ActiveSpeed, and any and all versions of such products.

*Please note that the term "Additional Services" means (1) a Back-Up Compact Disc ("CD") and (2) Extended Download Service purchased in connection with any Ascentive Product.

These products and services are described in more detail on the settlement website at [website].

I.     PRODUCTS CLAIM

1.     I, _____ (name), submit this declaration.

2.     I was charged for the following Ascentive Product: (must include names of product, amount paid and date of purchase): _____
_____

3.      CHECK ONE OF THE FOLLOWING OPTIONS:

____ I certify that I previously requested a refund from Ascentive or a credit card charge-back for this Ascentive Product (must include date of refund request/charge-back) but have not yet received any refund/charge-back: _____
_____
_____

____ I certify that I am not currently requesting, I have not requested, and I have not received any refund or charge-back for this Ascentive Product from any source.

> II.     **SERVICES CLAIM** (Note: You may only make a Services Claim if you purchased both a Product and Additional Services (as defined above) from Ascentive and never used either of the Additional Services.)

1.      I was charged for the following Ascentive Additional Services (include amount charged and date of purchase): _____
_____

2.      I, _____(name), certify that I did not and have not ever used the Additional Services I purchased.

3.      CHECK ONE OF THE FOLLOWING OPTIONS:

____ I certify that I previously requested a refund from Ascentive or a credit card charge-back for these Ascentive Additional Services (must include date of refund request/charge-back) but have not yet received any refund/charge-back: _____
_____
_____

____ I certify that I am not currently requesting, I have not requested, and I have not received any refund or charge-back for these Ascentive Additional Services from any source.


> I declare under penalty of perjury that all of the foregoing is true and correct.


Dated: _____, 2012.        _____
                                          *(signature)*

PH1 3068409v2 02/23/12

# EXHIBIT 3

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Ledet v. Ascentive LLC*
### Case No. 2:11-CV-294-PBT (U.S. District Court for the Eastern District of Pennsylvania)

This is a notice about a proposed class action settlement involving certain Software Products and Additional Services offered by Ascentive LLC to individuals throughout the United States. Plaintiff in this case alleges that Ascentive's Products did not actually perform some of the functions as marketed and advertised by Ascentive. Defendant denies any wrongdoing.

**Am I included?** If you purchased an Ascentive Product and/or Additional Services on or before [date], you are included in this Settlement. Ascentive Product means any and all versions and builds of Ascentive software products designed to scan consumers' personal computers for problems and then fix such problems in exchange for payment, including those products known as PC SpeedScan Pro, PC Scan and Sweep, and ActiveSpeed, and any and all versions of such products. Additional Services means both (1) a Back-Up Compact Disc ("CD") and (2) Extended Download Service purchased in connection with any Ascentive Product. Full details of the Settlement, including the Settlement Agreement, are available at: [website].

**What do I get?** Ascentive will pay all valid claims of the Settlement Class, together with notice and administration expenses, attorneys' fees and incentive awards, up to $9.6 million. If you are entitled to relief, you may submit a claim to receive a $10.00 payment for each Ascentive Product you were charged for. Those Class Members who submit valid claims and also certify that they purchased, but did not use, Ascentive's Additional Services will receive a payment in the amount of $8.00. Class Members are eligible to submit Claim Forms for a maximum of three (3) Ascentive Products and/or Ascentive Services, collectively. There is a chance that Class Members with valid claims will receive less than the above amounts if the amount of valid claims, attorneys' fees, incentive awards, and notice and administration costs exceed the $9.6 million Settlement Fund. The Settlement also includes injunctive relief, which will require Defendant to alter its Terms of Use, Subscription and Renewal Policies, and Software Products themselves, regarding the nature of its Products and the licensing agreement and billing procedures associated with the purchase of its Products and Services.

**How do I receive payment?** In order to receive payment under the Settlement, you must submit a Claim Form. You may do so by mailing your Claim Form to [address]. You may also visit [website] for additional information concerning how to submit a claim. The deadline to submit a Claim Form is [date].

**Additional rights.** To get out of the Settlement, you must exclude yourself by [date]. If you do not do so, you will not be able to sue Defendant for any claim released as part of the Settlement. If you disagree with any part of the Settlement and do not exclude yourself, you may object to the Settlement by [date]. The Court will hold a hearing on [date] (date subject to change) to consider whether to approve the Settlement and a request for attorneys' fees and expenses of up to $1,075,000.00, a class representative award of $1,000.00, and to consider a number of other important legal issues. The Court has appointed attorneys to represent the Settlement Class, but you may hire an attorney at your own expense.

**For more information**, including obtaining a more detailed notice, Claim Forms, a copy of the Settlement Agreement and other Court documents, please visit the website [insert], call 1-800-000-0000, or write to [insert address of administrator].

PH1 3068409v2 02/23/12

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS LEDET, on behalf of himself and all others similarly situated,<br><br>      *Plaintiff*,<br><br>  *v.*<br><br>ASCENTIVE LLC., a Delaware limited liability company,<br><br>      *Defendant*. | Case No.: 2:11-CV-294-PBT<br><br>Honorable Petrese B. Tucker |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's motion for preliminary approval of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Douglas Ledet ("Plaintiff") and Defendant Ascentive LLC ("Ascentive" or "Defendant"), set forth in the Stipulation of Class Action Settlement Agreement and Release between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Order shall have the respective meanings ascribed them in the Settlement Agreement.

2.      The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is probable cause to believe that the settlement is fair, reasonable and adequate, (ii) has been negotiated at arms' length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of a well-respected mediator, the Honorable Diane Welsh (ret.), and (iii) the settlement warrants notice of the material terms of the settlement to Settlement Class Members for their

consideration and reaction.  Therefore, the Court grants preliminary approval of the settlement.

        3.     For settlement purposes only, the Court conditionally certifies the proposed

Settlement Class, consisting of:

> Persons in the fifty (50) states, the District of Columbia, and the territories of the United States of America who have purchased an Ascentive Product or Ascentive Service at any time up to and including the date of entry of the Preliminary Approval Order *except that* excluded from the Settlement Class are the following: (i) Persons who have validly excluded themselves from the settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s).

        4.     For settlement purposes only, the Court hereby preliminarily approves the

appointment of Plaintiff Douglas Ledet as Class Representative.

        5.     For settlement purposes only, the Court hereby preliminarily approves the

appointment of the following as Settlement Class Counsel:

> Jay Edelson
> Rafey S. Balabanian
> Ari J. Scharg
> Chandler R. Givens
> Edelson McGuire, LLC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

        6.     On [DATE & TIME] or at such other date and time later set by Court Order, this

Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the

Settlement Agreement, and to determine whether (a) final approval of the settlement should be

granted, and (b) Settlement Class Counsel's application for attorneys' fees and expenses, and an

incentive award to Plaintiff, should be granted, and in what amount. No later than [DATE],

Plaintiff must file his papers in support of final settlement approval and in response to any

2

objections, as well as Settlement Class Counsel's application for attorneys' fees and expenses.

7.      Pursuant to the Settlement Agreement, Kurtzman Carson Consultants LLC is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8.      The Court approves the proposed plan for giving notice to the Settlement Class by e-mail and establishing a settlement website, as more fully described in the Settlement Agreement.  The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.  The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the notice plan no later than [DATE].

9.      All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their Request for Exclusion in writing, identifying the case name *Ledet v. Ascentive LLC*, No. 2:11-CV-294-PBT, and state the name, address, and phone number of the Settlement Class Member(s) seeking exclusion.  Each request must also contain a signed statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in the case *Ledet v. Ascentive LLC.*"  The request must be mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than [DATE]. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not received within the time specified, shall be invalid and the person(s) serving such a request shall be deemed a member(s) of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement.  The Settlement Administrator shall promptly forward

3

copies of all requests for exclusion to Settlement Class Counsel and Defendant's Counsel.

10.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Settlement Class Counsel and Defendant's Counsel prior to the Fairness Hearing.  A Settlement Class Member who objects to the settlement need not appear at the Fairness Hearing for his or her comment to be considered by the Court; however, all arguments, papers, briefs, and any evidence that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy postmarked to Settlement Class Counsel and Defendant's counsel, no later than  [DATE].  All Objections shall include the caption *Ledet v. Ascentive LLC*, No. 2:11-CV-294-PBT, and provide: (a) the Settlement Class Member's full name and current address; (b) a signed declaration that he or she is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all arguments, citations, evidence, and documents or writings that such Settlement Class Member desires the Court to consider; and (e) a notice of the Class Member's intention to appear (if any).

11.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding.  While the declaration described in subparagraph 10(b) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiff or Defendant or both may take discovery regarding the matter, subject to Court approval.  If a Settlement Class Member does not submit a written comment on the proposed settlement or the application of Settlement Class Counsel for attorneys' fees and expenses in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member is not granted relief by the Court, the Settlement Class Member will

4

waive his or her right to be heard at the Fairness Hearing.

12.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties.  Defendant has denied and continues to deny the claims asserted by Plaintiff.  Nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

13.     The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including the preservation of Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

5

**IT IS SO ORDERED** this _____ day of _____ 2012.


_____
HONORABLE PETRESE B. TUCKER
UNITED STATES DISTRICT JUDGE

PH1 3068409v2 02/23/12

# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS LEDET, on behalf of himself and all
others similarly situated,

                *Plaintiff,*

    *v.*

ASCENTIVE LLC., a Delaware limited liability
company,

                *Defendant.*

Case No.: 2:11-CV-294-PBT

Honorable Petrese B. Tucker

## FINAL JUDGMENT ORDER

The Court, having considered Plaintiff's Motion for Final Approval of the Settlement in

the above-captioned case brought by Plaintiff Douglas Ledet ("Plaintiff") against Ascentive LLC

("Ascentive" or "Defendant") (collectively, "the Parties"), pursuant to the Settlement Agreement

and Release dated [DATE] (the "Settlement Agreement"), having considered all of the

submissions and arguments with respect to the Motion for Final Approval, and having held a

Fairness Hearing on [DATE], finds that:

    1.     Unless defined herein, all capitalized terms in this Order shall have the respective

meanings ascribed the same terms in the Settlement Agreement.

    2.     This Court has jurisdiction over the subject matter of the Action and over all

Parties to the Action, including all Settlement Class Members.

    3.     On [DATE], this Court preliminarily approved the Settlement and certified, for

settlement purposes, the Settlement Class consisting of:

> Persons in the fifty (50) states, the District of Columbia, and the territories of the United
> States of America who have purchased an Ascentive Product or Ascentive Service at any
> time up to and including the date of entry of the Preliminary Approval Order *except that*
> excluded from the Settlement Class are the following: (i) Persons who have validly

excluded themselves from the settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s).

4.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct e-mail and the creation of a settlement website, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

5.      The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a well-respected mediator, the Honorable Diane Welsh (ret.), and is thus supported in full by Plaintiff and Settlement Class Counsel.

6.      The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7.      The settlement consideration provided by the Settlement Agreement constitutes fair value given in exchange for the release of the Settled Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing

2

trials on the merits.

8.      The persons listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

9.      The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.  The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

10.      The following Settlement Class is hereby finally certified, solely for purposes of this Settlement:

> Persons in the fifty (50) states, the District of Columbia, and the territories of the United States of America who have purchased an Ascentive Product or Ascentive Service at any time up to and including the date of entry of the Preliminary Approval Order *except that* excluded from the Settlement Class are the following: (i) Persons who have validly excluded themselves from the settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s).

11.      The requirements of Rule 23(a) and (b)(3) have been satisfied in all respects for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff are typical of the claims of the Settlement Class; the Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common

3

to Settlement Class members predominate over any questions affecting only individual members.

12.     The preliminary appointment of the following attorneys as Settlement Class

Counsel is hereby confirmed:

> Jay Edelson
> Rafey S. Balabanian
> Ari J. Scharg
> Chandler R. Givens
> Edelson McGuire, LLC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

13.     Settlement Class Counsel are experienced in class litigation, including litigation

of similar claims in other cases, and have fairly and adequately represented the interests of the

Settlement Class.

14.     The Action is hereby dismissed with prejudice and without costs. This judgment

has been entered without any admission by Defendant of liability or as to the merits of any of the

allegations in the Complaint.

15.     The Parties are directed to distribute the consideration to the Settlement Class

pursuant to Section VI of the Settlement Agreement.

16.     The Releasing Parties hereby release and forever discharge the Released Parties

from the Settled Claims as of the date this Final Judgment Order is entered.

17.     The release in Paragraph 16 of this Order and the Settlement Agreement includes

claims that are currently unknown to the Releasing Parties, and fully, finally, and forever

discharges all Settled Claims, whether now asserted or unasserted, known or unknown, suspected

or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known,

might have affected their decision to enter into this release.  Each Releasing Party shall be

deemed to waive any and all provisions, rights, and benefits conferred by any law of the United

4

States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching the Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiff, the Settlement Class Members, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiff, Settlement Class Members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

18.    As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include

PH1 3068409v2 02/23/12

in its PC SpeedScan Pro Software Purchase Agreement a statement substantially consistent with

the following:

> Scans conducted with this software may detect computer errors that occur as a natural consequence of routine use of the Microsoft Windows Operating System. In some instances, these errors may be harmless and will not affect the performance or operation of the computer system. Certain computer errors may consistently reappear and thus will be repeatedly detected by the software.

19.    As soon as practicable but in no event later than thirty (30) days after the

Effective Date, and continuing for so long as such statement is accurate, Ascentive will include

in its PC Scan & Sweep Software Purchase Agreement a statement substantially consistent with

the following:

> Scans conducted with this software may detect files that are harmless, the presence of which will not affect the performance, operation, or privacy of your computer system.

20.    As soon as practicable but in no event later than thirty (30) days after the

Effective Date, and continuing for so long as such statement is accurate, Ascentive will include

in its ActiveSpeed Software Purchase Agreement a statement substantially consistent with the

following:

> Scans conducted with this software detect Internet configuration settings. By default, the Microsoft Windows Operating System sets the values for these configuration settings. The software may suggest that optimization is required, even though default configuration settings are in place.

21.    As soon as practicable but in no event later than thirty (30) days after the

Effective Date, and continuing for so long as such statement is accurate, Ascentive will include

in its Terms of Use a statement directing the consumer to read carefully the disclosures from

Paragraphs 18-20 above contained in the software's Software Purchase Agreement.

22.    Until the earlier of three (3) years after the Effective Date, or such time as

Ascentive ceases to auto-renew licenses for the Software, Ascentive will include on its

website(s) software purchase checkout page a clear and conspicuous statement containing the

following elements: (a) the fact that the consumer is entering into a license agreement with Ascentive; (b) the fact that the consumer's credit or debit card will be automatically charged on a recurring basis; (c) the date of subsequent automatic renewal charges; (d) a convenient and simple method to prevent Ascentive from continuing to impose recurring automatic renewal charges.

23.      Until the earlier of three years after the Effective Date, or such time as Ascentive ceases to auto-renew licenses for the Software, Ascentive will include in its Terms of Use or other pertinent agreements, a clear and conspicuous statement containing the following elements: (a) the fact that the consumer is entering into a license agreement with Ascentive; (b) the fact that the consumer's credit or debit card will be automatically charged on a recurring basis; (c) the date of subsequent automatic renewal charges; (d) a convenient and simple method to prevent Ascentive from continuing to impose recurring automatic renewal charges. Ascentive shall act in good faith in honoring customer requests to discontinue automatic renewal charges, for so long as the automatic renewal policies are in effect.

24.      Ascentive agrees that it will not overstate the severity of errors, configuration settings, or computer files through statements displayed within the Software using any form of pop-up notice, or other Graphical User Interface ("GUI") display screen. Ascentive further agrees that it will not overstate the utility of the Software through any form of pop-up notice, or other GUI display screen. Ascentive shall not overstate the potential risks of errors and improper configurations of computer files displayed in conjunction with the results of the Software's diagnostic scans through any form of pop-up notice, or other GUI display screen. Ascentive shall not include graphical depictions within the Software that overstate the volume of harmful computer errors, improper configurations, or other problems present on the user's computer.

7

25.     Ascentive shall establish two funds in the collective amount of nine million six hundred thousand dollars ($9,600,000.00) to fund the payment of claims by purchasers of Ascentive Products and Additional Services. The Products Fund shall be established in the amount of six million dollars ($6,000,000.00) and be used for payment of the following: (a) claims for Products Payments, (b) the Fee Award, (c) the Incentive Award, and (d) Claims Administration Expenses. The Services Fund shall be established in the amount of three million six hundred thousand dollars ($3,600,000.00) and be used for the payment of Services Payments. Payments shall be made in accordance with the terms of the Settlement Agreement.

26.     The Court awards to Settlement Class Counsel $_____ as attorneys' fees and costs.

27.     The Court awards to Plaintiff $_____, as an Incentive Award for his role as Class Representative.

28.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendant, Plaintiff, and Settlement Class Members regarding the Settlement Agreement and this Final Judgment Order. Defendant, Plaintiff, and Settlement Class members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Settled Claims, this Order, and the Settlement Agreement, including but not limited to the applicability of the Settled Claims, this Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement

8

are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

29.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties.  Defendant has denied and continues to deny the claims asserted by Plaintiff.  Nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

30.     The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed

9

vacated, the Action shall proceed as if the Settlement Class had never been certified (including the preservation of Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

31.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED** this _____ day of _____ 2012.


_____
HONORABLE PETRESE B. TUCKER
UNITED STATES DISTRICT JUDGE

PH1 3068409v2 02/23/12

## Addendum A

The persons listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

[INSERT]

11