IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS LEDET, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASCENTIVE LLC., a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: 2:11-CV-294-PBT<br><br>Honorable Petrese B. Tucker |

## AMENDED FINAL JUDGMENT ORDER

The Court, having considered Plaintiff's Motion for Final Approval of the Settlement in the above-captioned case brought by Plaintiff Douglas Ledet ("Plaintiff") against Ascentive LLC ("Ascentive" or "Defendant") (collectively, "the Parties"), pursuant to the Settlement Agreement and Release dated March 3, 2012 (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on November 14, 2012, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed the same terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On August 29, 2012, this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> Persons in the fifty (50) states, the District of Columbia, and the territories of the United States of America who have purchased an Ascentive Product or Ascentive Service at any time up to and including the date of entry of the Preliminary Approval Order *except that* excluded from the Settlement Class are the following: (i) Persons who have validly

excluded themselves from the settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s).

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct e-mail and the creation of a settlement website, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

5. The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a well-respected mediator, the Honorable Diane Welsh (ret.), and is thus supported in full by Plaintiff and Settlement Class Counsel.

6. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7. The settlement consideration provided by the Settlement Agreement constitutes fair value given in exchange for the release of the Settled Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing

trials on the merits.

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

8. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

9. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> Persons in the fifty (50) states, the District of Columbia, and the territories of the United States of America who have purchased an Ascentive Product or Ascentive Service at any time up to and including the date of entry of the Preliminary Approval Order *except that* excluded from the Settlement Class are the following: (i) Persons who have validly excluded themselves from the settlement; (ii) the legal representatives, successors or assigns of any such excluded persons; (iii) the Claims Administrator; (iv) Class Counsel; (v) Defendant, its officers, directors and employees, and any parent, subsidiary, affiliate or control person of the Defendant; (vi) any judge presiding over the Action; (vii) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant; and (viii) the immediate family members of any such Person(s).

10. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff are typical of the claims of the Settlement Class; the Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

11. The preliminary appointment of the following attorneys as Settlement Class Counsel is hereby confirmed:

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Chandler R. Givens
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

12.  Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class.

13.  The Action is hereby dismissed with prejudice and without costs. This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Complaint.

14.  The Parties are directed to distribute the consideration to the Settlement Class pursuant to Section VI of the Settlement Agreement.

15.  The Releasing Parties hereby release and forever discharge the Released Parties from the Settled Claims as of the date this Final Judgment Order is entered.

16.  The release in Paragraph 15 of this Order and the Settlement Agreement includes claims that are currently unknown to the Releasing Parties, and fully, finally, and forever discharges all Settled Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover

facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching the Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiff, the Settlement Class Members, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, Plaintiff, Settlement Class Members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

    17. As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its PC SpeedScan Pro Software Purchase Agreement a statement substantially consistent with the following:

    Scans conducted with this software may detect computer errors that occur as a natural

consequence of routine use of the Microsoft Windows Operating System. In some instances, these errors may be harmless and will not affect the performance or operation of the computer system. Certain computer errors may consistently reappear and thus will be repeatedly detected by the software.

18. As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its PC Scan & Sweep Software Purchase Agreement a statement substantially consistent with the following:

Scans conducted with this software may detect files that are harmless, the presence of which will not affect the performance, operation, or privacy of your computer system.

19. As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its ActiveSpeed Software Purchase Agreement a statement substantially consistent with the following:

Scans conducted with this software detect Internet configuration settings. By default, the Microsoft Windows Operating System sets the values for these configuration settings. The software may suggest that optimization is required, even though default configuration settings are in place.

20. As soon as practicable but in no event later than thirty (30) days after the Effective Date, and continuing for so long as such statement is accurate, Ascentive will include in its Terms of Use a statement directing the consumer to read carefully the disclosures from Paragraphs 17-19 above contained in the software's Software Purchase Agreement.

21. Until the earlier of three (3) years after the Effective Date, or such time as Ascentive ceases to auto-renew licenses for the Software, Ascentive will include on its website(s) software purchase checkout page a clear and conspicuous statement containing the following elements: (a) the fact that the consumer is entering into a license agreement with Ascentive; (b) the fact that the consumer's credit or debit card will be automatically charged on a recurring basis; (c) the date of subsequent automatic renewal charges; (d) a convenient and

6

simple method to prevent Ascentive from continuing to impose recurring automatic renewal charges.

22. Until the earlier of three years after the Effective Date, or such time as Ascentive ceases to auto-renew licenses for the Software, Ascentive will include in its Terms of Use or other pertinent agreements, a clear and conspicuous statement containing the following elements: (a) the fact that the consumer is entering into a license agreement with Ascentive; (b) the fact that the consumer's credit or debit card will be automatically charged on a recurring basis; (c) the date of subsequent automatic renewal charges; (d) a convenient and simple method to prevent Ascentive from continuing to impose recurring automatic renewal charges. Ascentive shall act in good faith in honoring customer requests to discontinue automatic renewal charges, for so long as the automatic renewal policies are in effect.

23. Ascentive agrees that it will not overstate the severity of errors, configuration settings, or computer files through statements displayed within the Software using any form of pop-up notice, or other Graphical User Interface ("GUI") display screen. Ascentive further agrees that it will not overstate the utility of the Software through any form of pop-up notice, or other GUI display screen. Ascentive shall not overstate the potential risks of errors and improper configurations of computer files displayed in conjunction with the results of the Software's diagnostic scans through any form of pop-up notice, or other GUI display screen. Ascentive shall not include graphical depictions within the Software that overstate the volume of harmful computer errors, improper configurations, or other problems present on the user's computer.

24. Ascentive shall establish two funds in the collective amount of nine million six hundred thousand dollars ($9,600,000.00) to fund the payment of claims by purchasers of Ascentive Products and Additional Services. The Products Fund shall be established in the

amount of six million dollars ($6,000,000.00) and be used for payment of the following: (a) claims for Products Payments, (b) the Fee Award, (c) the Incentive Award, and (d) Claims Administration Expenses. The Services Fund shall be established in the amount of three million six hundred thousand dollars ($3,600,000.00) and be used for the payment of Services Payments. Payments shall be made in accordance with the terms of the Settlement Agreement.

25. The Claims Deadline shall be December 19, 2012.

26. The Court awards to Settlement Class Counsel $1,075,000 as attorneys' fees and costs.

27. The Court awards to Plaintiff $1,000 as an Incentive Award for his role as Class Representative.

28. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendant, Plaintiff, and Settlement Class Members regarding the Settlement Agreement and this Final Judgment Order. Defendant, Plaintiff, and Settlement Class members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Settled Claims, this Order, and the Settlement Agreement, including but not limited to the applicability of the Settled Claims, this Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order.

Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

29.  The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

30.  The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including the preservation of Defendant's right to oppose any subsequent motion for class certification),

and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

31.   Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED this 28th day of Nov 2012.

*Petrese B. Tucker*
HONORABLE PETRESE B. TUCKER
UNITED STATES DISTRICT JUDGE